IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-435

Filed 06 June 2023

Jackson County, Nos. 18 CRS 52362; 19 CRS 393

STATE OF NORTH CAROLINA

v.

RICHARD LEE HEFNER

Appeal by Defendant from judgment entered 28 May 2021 by Judge Thomas H. Lock in Jackson County Superior Court. Heard in the Court of Appeals 29 November 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Nicholas R. Sanders, for the State.*

*Appellate Defender Glenn Gerding by Assistant Appellate Defender Katherine Jane Allen, for Defendant.*

WOOD, Judge.

Richard Hefner ("Defendant") appeals from a judgment entered 28 May 2021 after being sentenced as a habitual felon. Based upon our reasoning below, we find no error in sentencing.

## I. Factual and Procedural Background

On the evening of 29 December 2018, Defendant and his girlfriend, Ms. Jones, arrived at a Walmart in Sylva, North Carolina, with no items in their possession. The couple made their way back to the electronics section of the store and began

looking at televisions. Defendant placed the television, a 43-inch Hisense valued at $278.00, in their shopping cart. When the television was placed into the shopping cart, an anti-theft device known as "spider-wire" was still on the device. Once the television was placed in the shopping cart, the couple proceeded to the front of the store. Briefly separating, Ms. Jones pushed the television through a closed cash register while Defendant walked through self-checkout. The two then met again at the exit. When asked by a store greeter to provide the receipt for the television, Defendant stated that they had attempted to return the device but were denied a refund. Defendant and Ms. Jones left Walmart with the television, placing the device in their vehicle. After Defendant and Ms. Jones left with the television, spider-wire was discovered in a toy aisle the two had walked down before leaving the store.

Subsequently, Defendant was arrested and Defendant was indicted by a grand jury on 1 July 2019 for felony larceny and possession of stolen goods. On this same day, the State obtained an indictment against Defendant charging him with attaining habitual felon status. On 8 December 2020, the State gave notice of its intent to seek an aggravated sentence against Defendant based on four aggravating factors: Defendant was joined with more than one person in committing the offense and was not charged with committing a conspiracy; Defendant committed the offense while on pretrial release on another charge; Defendant has been found by a North Carolina court to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence; and the offense committed was during the time in which

Defendant was on supervised or unsupervised probation, parole, or post-release supervision.

On 15 March 2021, the State obtained a superseding indictment on the attaining habitual felon status charge. The indictment alleged the following predicate felonies: (1) the felony of grand larceny in violation of South Carolina Code of Laws Section 16-13-30 which Defendant committed on 27 August 2005 and of which he was convicted on 25 October 2005; (2) the felony of possession of a stolen motor vehicle in violation of N.C. Gen. Stat. § 20-106 which Defendant committed on 5 November 2009 and of which he was convicted on 28 April 2010; and (3) the felony of possession of methamphetamine in violation of N.C. Gen. Stat. § 90-95(a)(3) which Defendant committed on 18 October 2016 and of which he was convicted on 3 July 2017.

Defendant was tried during the 24 May 2021 Criminal Session of Jackson County Superior Court and appeared *pro se* with appointed stand-by counsel, although he elected to be represented by counsel during one day of the jury trial. During the trial, the State called as its witness Mr. Kilby, the loss prevention employee for Walmart. Mr. Kilby testified that an hour before Defendant and Ms. Jones arrived at the store, he had inspected the televisions to ensure all of these devices were secured in spider-wire. Mr. Kilby recalled that when he observed Defendant and Ms. Jones walk towards the store's exit, he noticed that the television in their shopping cart was missing its spider-wire. Mr. Kilby confirmed that no 43-

inch television had been purchased while Defendant and Ms. Jones were present in the store.

Testifying on his own behalf, Defendant stated that on the day in question, Ms. Jones told him she had purchased a television online and needed to pick it up at Walmart. Defendant testified that when they arrived at Walmart, they located the electronics section, and he placed the television in their shopping cart. According to Defendant, he then went to the bathroom. Once he returned, Defendant testified that he and Ms. Jones began arguing over the television purchase, at which point Ms. Jones decided to return the item. Defendant attempted to return the television without a receipt at the Customer Service desk but was told it must be returned at the Electronics Department. Defendant further testified that Ms. Jones then changed her mind and elected to keep the television, and the couple moved towards the store's exit. Defendant stated that when they left, he showed the receipt of the television purchase to the Walmart greeter.

On 27 May 2021, the jury found Defendant guilty of felony larceny and felony possession of stolen goods. During the habitual felon phase of trial, the State introduced the following evidence of the South Carolina conviction: the arrest warrant, indictment, and judgment for grand larceny. The State called Jackson County Assistant Clerk Stevie Bradley to authenticate the exhibits for Defendant's three predicate felony convictions. Ms. Bradley testified that the South Carolina judgment reflected that "[t]he crime is grand larceny."

During the charge conference for the habitual felon trial, the State noted that the South Carolina judgment for grand larceny did not explicitly state that the charge was a felony, but the South Carolina statute in effect at the time Defendant committed the crime identified the offense as a felony, and this offense is substantially similar to North Carolina's offense of felony larceny. Further, the State argued that the question of whether the South Carolina conviction was a felony or a misdemeanor was a question of law, not a question of fact for the jury. The State also requested that the trial court replace the word "felony" with "crime" when giving the pattern jury instruction for habitual felon status, N.C.P.I.–Crim. 203.10, as it related to the South Carolina felony.

Defendant objected during the charge conference and stated: "Yeah, I just would like to say if it doesn't state in the actual code itself it's not a felony, I would like for it to stay the same, it's not a felony." Defendant's objection was overruled. The trial court concluded that the South Carolina conviction was a felony and agreed to instruct the jury as requested. The trial court instructed the jury as follows:

> For you to find the defendant guilty of being a habitual felon, the State must prove three things beyond a reasonable doubt. First, that on October 25, 2005, the defendant in the Court of General Sessions for Cherokee County, South Carolina, was convicted of the crime of grand larceny that was committed on August 27th, 2005, in violation of the law of the State of South Carolina.

On 28 May 2021, the jury found Defendant guilty of attaining habitual felon status. On this same day, Defendant admitted to the existence of two aggravating factors

and an additional record point for purposes of sentencing; in exchange, the State dismissed other pending charges. The trial court arrested judgment on the possession of stolen goods conviction. Additionally, the trial court found the existence of two aggravating factors, found Defendant to have 16 prior record points, and a prior record level of V. Defendant was sentenced in the aggravated range of 120-156 months incarceration. Defendant gave oral notice of appeal in open court.

## II.    Analysis

On appeal, Defendant challenges his habitual felon status based upon his 2005 South Carolina conviction, arguing that it "cannot constitute a predicate conviction for habitual felon purposes because, after June of 2010, the offense charged in the South Carolina indictment is no longer a felony in South Carolina." Based upon this alleged error, Defendant argues that (1) the trial court erred in its instruction to the jury on habitual felon status; (2) there was insufficient evidence to convict him of attaining habitual felon status; and (3) the indictment charging him with attaining habitual felon status was fatally defective. We review each of these arguments in turn.

## A. Jury Instructions.

First, Defendant argues that the trial court "deprived the jury of its fact-finding responsibilities by failing to instruct the jury that it had to determine whether he had been convicted of an offense which was a felony in South Carolina at the relevant time." Defendant contends that because the jury was instructed that they

could find Defendant had attained habitual felon status if it found he was convicted of an offense which was a "crime" in South Carolina, not every essential element of the charged habitual felon status was submitted to the jury. Defendant further argues that since the "2005 South Carolina indictment obtained against [him] alleged conduct which was no longer a felony under South Carolina law in 2018" – the time period which Defendant committed the criminal conduct the State sought to habitualize – "the omission of this essential element was not harmless beyond a reasonable doubt." We disagree.

Whether the trial court erred in instructing the jury over the defendant's objection is a question of law reviewed *de novo*. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). Pursuant to N.C. Gen. Stat. § 14-7.1, a defendant who has been convicted of or pleaded guilty to three predicate felony offenses in any federal or state court "is declared to be [a] habitual felon and may be charged as a status offender[.]" N.C. Gen. Stat. § 14-7.1(a). A felony includes the following: (1) a felony in North Carolina; (2) an "offense that is a felony under the laws of another state or sovereign that is substantially similar to an offense that is a felony in North Carolina" regardless of the sentence imposed; (3) an "offense that is a crime under the laws of another state or sovereign that does not classify any crimes as felonies" provided the offense meets several enumerated requirements; and (4) an "offense that is a felony under federal law[,]" excluding certain offenses related to intoxicating liquors. N.C. Gen. Stat. § 14-7.1(b)(1)–(4).

On the issue of whether the jury should have determined that the South Carolina grand larceny conviction was a felony, the State argues, "[w]hile the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court, whether a prior out-of-state conviction exists and whether it is a felony are questions of fact." However, the State makes a distinction that in this case, the "ultimate inquiry, is whether the jury was properly instructed and could determine whether the offense was a felony." We agree with this distinction.

The relevant statute, N.C. Gen. Stat. § 14-7.1 was amended in 2017 to include a subsection which addressed jurisdictions, such as New Jersey[1], that do not distinguish between felonies or misdemeanors. 2017 N.C. Sess. Law 176, § 2(a) ("S.B. 384"). In jurisdictions which do not "classify any crimes as felonies," the amended statute provides the mechanism whereby convictions from those other jurisdictions can be treated as predicate felony convictions for attaining the status of habitual felon in North Carolina. N.C. Gen. Stat. § 14-7.1(b)(3). As a result of the N.C. Gen. Stat. § 14-7.1 amendment, the pattern jury instruction for habitual felon was also amended in 2019 to reflect this change to the statute. In keeping with the amended statute,

---

[1] It is true that the New Jersey criminal code does not use the term "felony." *State v. Smith*, 181 A.2d 761, 767 (N.J. 1962), *cert. denied*, 374 U.S. 835, 83 S. Ct. 1879, 10 [L. Ed.] 2d 1055 (1963). Instead, all crimes are classified as a crime of the first, second, third, or fourth degree. N.J. Stat. Ann. § 2C:43-1 (2011).

*State v. Hogan*, 234 N.C. App. 218, 226-27, 758 S.E.2d 465, 472 (2014).

the amended patterned jury instruction provides the option to use "crime" instead of "felony" language, such that it reads:

> For you to find the defendant guilty of being a habitual felon, the State must prove three things beyond a reasonable doubt:
>
> First, that on (name date) the defendant, in (name court) [was convicted of] [pled guilty to] the [felony] [crime] of (name felony or crime), that was committed on (name date) in violation of the law of the [State of North Carolina] [State of (name other state)] [United States].

N.C.P.I.-Crim. 203.10. According to Defendant, without citing case law or any other authority, the option to use "crime" instead of "felony" is only "applicable when the jurisdiction from which the predicate conviction was obtained does not classify any crimes as felonies and the conviction cannot thus be identified as a felony in the jury instructions." In opposition, the State argues that the amended pattern jury instruction for habitual felon status gives the option of using either "felony" or "crime" as language to indicate predicate offenses, and that "this Court has not held that the use of 'crime' in other contexts constitutes error."

An error in a jury instruction is prejudicial and requires a new trial only if a defendant meets his or her burden of establishing that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a). Assuming arguendo that the trial court's use of the word "crime" to instruct the jury on the charge of habitual felon was erroneous, we believe that the

jury could still determine that Defendant's earlier South Carolina predicate offense

constituted a felony under the applicable statute, so that there is not a reasonable

possibility that the jury would have reached a different result. At trial, the State

presented evidence showing that Defendant was convicted in 2005 of a felony – grand

larceny – under South Carolina law.

In 2005, the relevant South Carolina statute stated:

> (A) Simple larceny of any article of goods, choses in action, bank bills, bills receivable, chattels, or other article of personalty of which by law larceny may be committed, or of any fixture, part, or product of the soil severed from the soil by an unlawful act, or has a value of one thousand dollars or less, is petit larceny, a misdemeanor, triable in the magistrate's court. Upon conviction, the person must be fined or imprisoned not more than is permitted by law without presentment or indictment by the grand jury.
>
> (B) Larceny of goods, chattels, instruments, or other personalty valued in excess of one thousand dollars is grand larceny. Upon conviction, the person is guilty of a felony and must be fined in the discretion of the court or imprisoned not more than:
>
> (1) five years if the value of the personalty is more than one thousand dollars but less than five thousand dollars;
>
> (2) ten years if the value of the personalty is five thousand dollars or more.

S.C. Code Ann. § 16-13-30 (2005). The statute distinguished between petit larceny

and grand larceny and set grand larceny as larceny of goods valued in excess of

$1,000.00. In 2010, the South Carolina General Assembly amended the above statute

to change the requisite monetary amount from $1,000.00 to $2,000.00. S.C. Code

Ann. § 16-13-30 (2010).

However, Defendant's sentence and the incidents of his punishments are governed by statutes in effect at the time the crimes were committed. *See Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17, 22 (1981). Thus, the older version of the statute was in effect at the time Defendant committed the grand larceny crime and he had been convicted and sentenced already by the time of the new 2010 Amendment. Moreover, the relevant 2010 changes to S.C. Code Ann. § 16-13-30, via the session law, also included a savings clause which provided that the "amendment to § 16-13-30 does not affect liability incurred under the prior version of the statute." *State v. Brown*, 402 S.C. 119, 740 S.E.2d 493, 497 (S.C. 2013). While the monetary amount required to establish grand larceny was raised in an amendment five years after Defendant's conviction, the 2010 amendment did not change the classification of grand larceny as a felony. We, therefore, hold that because Defendant's 2005 South Carolina conviction for grand larceny constituted a felony during the time in which the offense was committed and was not reclassified by a later statutory amendment, it serves as a valid predicate conviction for Defendant attaining habitual felon status.

## B. Attainment of habitual felon status.

Next, Defendant argues the State failed to prove Defendant attained habitual felon status because the State did not put on sufficient evidence as to each element of the offense. Referencing previous contentions made in his first issue on appeal,

Defendant again argues that "the State offered no evidence to prove to the jury beyond a reasonable doubt that [his] 2005 South Carolina conviction for grand larceny is a felony under the laws of South Carolina."

Defendant acknowledges in his brief that at trial, he did not move to dismiss the charge for insufficient evidence when the State rested and at the close of evidence; therefore, his insufficiency claim was not preserved for appellate review pursuant to Rule 10 of our Rules of Appellate Procedure. N.C. R. App. P. 10. In turn, Defendant requests this Court to invoke Rule 2 of our Rules of Appellate Procedure to review the merits of his claim. In our discretion and in order to prevent manifest injustice to Defendant, we invoke Rule 2 to reach Defendant's raised issue. *State v. Batchelor*, 190 N.C. App. 369, 378, 660 S.E.2d 158, 164 (2008).

In this case, the State presented substantial evidence of Defendant's felony conviction for grand larceny in South Carolina. During the trial, the State introduced into evidence a certified copy of an indictment for the South Carolina offense alleging the following:

> That [Defendant] did in Cherokee County, on or about August 26, 2005, with the intent to permanently deprive the owner, take and carry away diamond ring from her 1994 Honda Accord valued at more than one thousand dollars, belonging to Priscilla Smith, in violation of 16-13-30 Code of Laws of South Carolina, 1976, as amended.

The State also admitted a copy of the judgment for the above offense which shows that Defendant pled guilty to grand larceny and that this offense is "in violation of §

16-13-30 of the S.C. Code of Laws[.]" Thus, the indictment listed the elements of grand larceny and the judgment described the offense as grand larceny, and together, these court records established the statute which was violated. As we have determined prior, the crime charged in South Carolina against Defendant constitutes a felony under the laws of South Carolina. Hence, Defendant's previous felony conviction serves as a valid predicate offense for the sentencing as a habitual felon. This offense was a felony because "grand larceny" is a felony under this statute. Based upon the record before us, the State presented sufficient evidence to demonstrate that Defendant's South Carolina grand larceny conviction was a predicate felony offense for his attaining habitual felon status.

## C. Habitual Felon Indictment.

Finally, Defendant argues that his habitual felon indictment was fatally defective because the indictment failed to allege three predicate felony convictions. Defendant continues to point to the 2010 amendment to South Carolina statute § 16-13-30 to argue that he is no longer charged with a crime that is a felony in South Carolina, so that the previous conviction does not serve as a valid predicate conviction for habitual felon purposes. According to Defendant, as a result of this invalid predicate offense, the indictment "failed to allege the essential elements of habitual felon status, rendering the indictment fatally defective and legally insufficient to confer jurisdiction upon the trial court." Thus, Defendant argues that the trial court erred in trying him for attaining habitual felon status and entering judgment and

commitment against him on the habitual felon indictment. We disagree.

This Court reviews *de novo* the sufficiency of an indictment. *State v. White*, 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019). An indictment "is sufficient in form for all intents and purposes if it expresses the charge against the defendant in a plain, intelligible, and explicit manner[.]" N.C. Gen. Stat. § 15-153. For a habitual felon status indictment, N.C. Gen. Stat. § 14-7.3 provides:

> [a]n indictment which charges a person with being [a] habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.

N.C. Gen. Stat. § 14-7.3.

In this case, Defendant's habitual felon status indictment did not fail to charge an essential element as it related to the South Carolina conviction. The indictment clearly alleged the prior felony; the date the prior felony was committed; the name of the state against whom the felony was committed; the date that conviction was returned for the felony; and the identity of the court wherein the conviction took place. For the reasons discussed above, the evidence further established that Defendant's 2005 conviction of grand larceny serves as a valid predicate felony offense. The habitual felon indictment was therefore not fatally defective, because it laid out all essential elements of the offense, particularly that of the South Carolina

predicate conviction.  *See State v. Briggs*, 137 N.C. App. 125, 131, 526 S.E.2d 678, 682 (2000).  Therefore, Defendant's argument is overruled.

## III.    Conclusion

We hold Defendant received a fair trial, free from prejudicial error, and find no error in sentencing.


NO ERROR.

Judges ZACHARY and GORE concur.